**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JANE ELIZABETH ROBERTS; JON ALLEMAN; MICHELLE ANDREWS; GINGER BENNETT; LANI LAGANOWSKI; INGA MILLER; FRANCISCO OQUENDO; ERIN PALMER; MICHELLE RICHARDSON; PETER SPRINGS; KATHY WOLD; JULIA ZELEPUKHIN,<br><br>　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>JAY INSLEE, Governor; SHRINERS HOSPITALS FOR CHILDREN SPOKANE; SHRINERS HOSPITALS FOR CHILDREN, INC.; BEVERLY BOKOVITZ; FRANCES FARLEY, M.D.; JERRY GANTT; JOHN MCCABE; PHILLIP GRADY; PETER BREWER,<br><br>　　　　Defendants - Appellees. | No. 24-1949<br><br>D.C. No.<br>2:23-cv-00295-TOR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 9, 2025[]
Seattle, Washington

Before: McKEOWN, PAEZ, and SANCHEZ, Circuit Judges.

Jane Elizabeth Roberts and eleven others ("Plaintiffs") were fired from Shriners Hospital for Children in Spokane, Washington ("Shriners") after they refused to vaccinate themselves against COVID-19, as required by Shriners policy and a Washington state proclamation. Plaintiffs allege that former Governor Inslee, Shriners, and several of Shriners' executives violated federal and state law by penalizing them for refusing the COVID-19 vaccine, which had only been authorized for emergency use. The district court dismissed all of Plaintiffs' claims with prejudice. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1. Plaintiffs' Federal Claims (Counts 1 through 6 & Count 10).**

Plaintiffs bring claims under 42 U.S.C. § 1983 for violations of (1) their right not to be "[s]ubjected to [i]nvestigational [d]rug[s]" based on various statutes, regulations, agreements, treaties, and a letter (Count One), *see Curtis v. Inslee*, 154 F.4th 678, 687–90 (9th Cir. 2025); (2) equal protection under the law (Count Two), *see id.* at 693–95; (3) substantive and procedural due process (Count Three), *see id.* at 691–93; (4) the "Spending Clause" (Count Four), *see id.* at 690; and (5) the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"unconstitutional conditions doctrine" (Count Five), *see id.* at 687, 690–95.[1]

Plaintiffs also bring two federal claims under 42 U.S.C. § 247d-6d, *id.* § 247d-6e, the Public Readiness and Emergency Preparedness Act (Count Six) and 21 U.S.C. § 360bbb-3 (Count Ten), *see id.* at 687–88. Our recent decision in *Curtis*, 154 F.4th at 687–95, forecloses each of Plaintiffs' federal claims. We therefore affirm the district court's dismissal of these claims.

**2. Plaintiffs' State Law Claims (Counts 7 through 9)**. *Curtis* also forecloses Plaintiffs' Washington state law claims against former Governor Inslee for "employment torts" (Count Eight), *see Curtis,* 154 F.4th at 695, and against both Inslee and Shriners for "breach of contract" (Count Seven) and "outrage" (Count Nine), *id.* at 689–90, 696.

Plaintiffs' "employment torts" claim against Shriners fails because Plaintiffs have not plausibly alleged any "legal right or privilege" to refuse COVID-19 vaccination such that they were "unlawful[ly] discharge[d]," in violation of public policy. *See Rickman v. Premera Blue Cross*, 358 P.3d 1153, 1158 (Wash. 2015) (en banc) (citation omitted) (requiring the plaintiff to prove that her dismissal violates "a clear mandate of public policy . . . 'previously manifested in the

---

[1] Although Count Five purports to assert a claim under the unconstitutional conditions doctrine, Plaintiffs' allegations are derivative of their Fourteenth Amendment claims and fail for the reasons explained in *Curtis*, 154 F.4th at 690–95.

constitution, a statute, or a prior court decision'").[2]

3. **"Misbranding."** To the extent that Plaintiffs allege or seek to allege a "misbranding" claim for violations of 21 U.S.C. § 331, this claim fails as a matter of law.[3] Even if federal drug labeling laws were implicated here, they are part of the Federal Food, Drug, and Cosmetic Act ("FDCA") and are not privately enforceable under 42 U.S.C. § 1983 or on their own. *See* 21 U.S.C. § 337(a); *see also Curtis,* 154 F.4th at 687 (explaining that the FDCA forecloses private enforcement of its requirements).

4. **Leave to Amend.** The district court did not abuse its discretion in denying leave to amend because amendment would be futile. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). Plaintiffs present no argument that their proposed amendments could cure the deficiencies in their claims.

**AFFIRMED.**

---

[2] In light of our determination, we do not reach the parties' arguments concerning qualified immunity or whether Shriners is a state actor.

[3] While Plaintiffs discuss "misbranding" in their opening brief, this claim was not alleged in Plaintiffs' complaint and so appears to be solely a defensive argument.